UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS L. ARMENTERO, | No. CV 17-2355 TJH (FFM) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| THOMAS HOMAN, | |
| Respondent. | |

## I. INTRODUCTION

On or about November 2, 2017, petitioner Luis L. Armentero, a detainee of the immigration detention facility located in Adelanto, California, appearing *pro se*, filed a petition for writ of habeas corpus (the "Petition" or "Pet.") pursuant to 28 U.S.C. § 2241. Armentero claims that U.S. Immigration Customs Enforcement (ICE) is unlawfully detaining various individuals in violation of Immigration Nationality Act Section 241(a). The Court is aware that Armentero has filed a separate petition, CV 17-2213 TJH (FFM), with the same claim in which he names only himself as a petitioner. In the instant case, however, Armentero also purports to file his claim on behalf of Jorge Valles Sanchez, Jesus Ceballo Pedrasas, Carlos Hernandez, Francisco Valdez Hernandez, Ismael Flores, Ignacio Mendinueta, and Jose Ramirez. The Court finds that summary dismissal in this case is warranted.

//

## II. ANALYSIS

Armentero's claim provides no basis for relief. Armentero is not an attorney, thus, he may not represent other petitioners. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); C. D. Cal. L.R. 83-2.10.2 ("Any person representing himself or herself without an attorney must appear *pro se* for such purpose. That representation may not be delegated to any other person, including a spouse, parent or other relative, nor to any other party on the same side who is not represented by an attorney. A non-attorney guardian for a minor or an incompetent person must be represented by counsel."); *Johns v. County of San Diego*, 114 F.3d 874, 876-877 (9th Cir. 1997) (explaining that constitutional claims are personal and cannot be asserted vicariously, and that a non-attorney may appear *pro se* on his own behalf but has no authority to appear as an attorney for others). Moreover, a litigant acting *pro se* may not appear as class counsel on behalf of others. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that a *pro se* prisoner may not litigate the interests of other prisoners in a class action). Because Armentero is a non-attorney acting *pro se*, he may not represent other potential parties. His individual claim for relief in case 17-2213 TJH (FFM) may proceed as filed.

//
//
//
//
//
//
//
//
//

## III. CONCLUSION

In sum, the Court finds that there is no possibility that Armentero can obtain relief on the grounds presented. Accordingly, the petition is DISMISSED without prejudice. A certificate of appealability is denied.

Let judgment be entered accordingly.

IT IS SO ORDERED.

DATED: January 24, 2018

TERRY J. HATTER, JR.
United States District Judge

Presented by:


  /S/ Frederick F. Mumm
 FREDERICK F. MUMM
United States Magistrate Judge